yers on notice of the change. We uphold his decision to reinstate the cause since the confusion generated by the transfer without actual not ce to the parties or to their attorneys deprived the court of jurisdiction to dismiss it. Lapse of time does not affect the right to make a motion to expunge a judgment when the court, as in the peculiar circumstances of the case at bar, did not acquire jurisdiction to enter it. (*Sherman & Ellis, Inc. v. Journal of Commerce & Commercial Bulletin*, 259 Ill.App. 453.) In view of our decision, the issue raised by the defendants of plaintiff's failure to demonstrate due diligence is not determinative (*Oak Park National Bank v. Peoples Gas Light & Coke Co.*, 46 Ill.App.2d 385, 197 N.E.2d 73), and considering what occurred, we reject that argument in any event. The plaintiff filed his notice to vacate the order of dismissal promptly upon discovering that such an order was issued.

In sum, we hold that the trial judge was justified in denying the defendants' motion to vacate the reinstatement of the case and in allowing the plaintiff the opportunity to vindicate his substantive rights. See Ill. Rev. Stat. 1971, ch. 110, par. 4.

Affirmed.

ADESKO, P. J., and DIERINGER, J., concur.

---

THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JOHN MONTGOMERY, Defendant-Appellant.

(No. 59437;

First District (3rd Division)—September 19, 1974.

James J. Doherty, Public Defender, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago, for the People.

THE PEOPLE OF THE STATE OF ILLINOIS, Petitioner-Appellee, *v.* GREGORY BRADLEY, Respondent-Appellant.

(No. 59583;

First District (2nd Division)—September 24, 1974.